IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00839-DDD-CYC

NICHOLAS RIGATO,

      Plaintiff,

v.

GEOFFREY RICHARDS,
DAVID CHAPIN, and
LAURA IMM,

      Defendants.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Plaintiff Nicholas Rigato moves for the appointment of pro bono counsel, arguing that his claims are meritorious and that counsel is warranted because discovery has begun. ECF No. 50. Oral argument will not materially assist in the resolution of this matter and the motion is appropriately considered even without a response from the defendants. *See* D.C.COLO.LCivR 7.1(d). To be sure, pro bono counsel would aid the plaintiff, as it would in many pro se cases. Unfortunately, at this point, the plaintiff's request is premature and, as such, for the reasons that follow, the motion is **DENIED without prejudice in part** as to that request.

The motion also asks the Court to order a criminal investigation regarding his alleged sleep deprivation. ECF No. 50 at 3–4. The Court does not initiate criminal investigations. The motion is therefore **DENIED in part** as to that request.

**BACKGROUND**

The plaintiff initiated this action by filing a pro se complaint on March 14, 2025. ECF No. 1. He was granted leave to proceed in forma pauperis, ECF No. 5, and the Court therefore reviewed the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and directed the plaintiff to file an amended complaint. ECF No. 6. The plaintiff filed his amended complaint on April 14, 2025. ECF No. 8. In his amended complaint, he asserts that he is being involuntary housed in a mental health institution. *Id.* at 5. The defendants filed a motion to dismiss, ECF No. 31, which was granted in part and denied in part. ECF Nos. 40 and 42. On April 9, 2026, the Court held a Scheduling Conference and set relevant deadlines. *See* ECF Nos. 48 and 49.

**ANALYSIS**

Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel. *Fischer v. Dunning*, 574 F. App'x 828, 832 (10th Cir. 2014). Moreover, a district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating factors and adding (1) the demonstrated inability of the unrepresented party to retain an attorney by other means and (2) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff

was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (quotation marks omitted).

At this stage, the plaintiff's asserted reasons for appointment fall short of carrying that burden. The plaintiff states that "there is substantial merit to [his] claims," ECF No. 50 at 1, and that he "is struggling to meet the requirements of the court due to" his efforts being frustrated because of limitations accessing "basic things like writing paper, or word processing software" as well as "impairments to plaintiff's cognitive function." *Id*. at 2. He also asserts that the claims are "relatively complex." *Id*. The plaintiff alleges that he is being deprived of sleep which "is impacting [his] cognitive ability." *Id*. And he requests that the Court "order this matter to be investigated criminally." *Id*. at 3.

Regarding the merits of the claim, although the Court denied the motion to dismiss in part, it largely did so based on an inability to consider certain materials the defendants attached to their motion. *See* ECF No. 40 at 3–5. The merits, then, are still unclear. The plaintiff's filings and his participation at the Scheduling Conference demonstrate his ability to navigate this litigation. With regard to the plaintiff's allegation of cognitive issues, the Court lacks record evidence showing the precise severity of any cognitive issues or the extent to which they interfere with the plaintiff's ability to litigate this case. *See Bertolo v. Benezee*, 601 F. App'x 636, 640–41 (10th Cir. 2015) (holding that the district court did not abuse its discretion in denying the plaintiff appointed counsel because the plaintiff did not indicate how his medical condition would affect his ability to present his case); *cf. McCarthy v. Weinberg*, 753 F.2d 836,

3

839-40 (10th Cir. 1985) (holding as an abuse of discretion the district court's denial of appointed counsel when the record evidence demonstrated that the plaintiff's medical condition affected his eyesight, hearing, ability to communicate, and comprehend the proceedings). Further, to the extent the plaintiff alleges that the defendants are causing his cognitive issues by depriving him of sleep, the plaintiff is no longer incarcerated. *See* ECF No. 59.

To be sure, "having counsel appointed would . . . assist[] him in presenting his strongest possible case," but "the same could be said in any case." *Rucks*, 57 F.3d at 979. And while there is little reason to doubt the general difficulty of handling a federal lawsuit, the actual subject matter of the plaintiff's amended complaint is not amongst the most complex that find their way into federal court.

In sum, this case is not overly complex, and the plaintiff so far appears able to present his case to the Court notwithstanding the issues he outlines in his motion. Should the plaintiff's circumstances materially change, the plaintiff may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at \*5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial"). Accordingly, the Court **DENIES without prejudice in part** the motion to the extent is requests appointment of counsel.

With regard to the plaintiff's request for the Court to order a criminal investigation regarding his alleged sleep deprivation, ECF No. 50 at 3–4, the plaintiff points to no authority under which the Court could order a criminal investigation. And issuing the requested "order would improperly intrude upon the separation of powers." *Presley v. Presley*, 102 F. App'x 636, 636 (10th Cir. 2004). As a result, the Court **DENIES in part** the motion to the extent it requests such an order.

4

## CONCLUSION

For the foregoing reasons, the Motion for Appointment of Counsel, ECF No. 55, is

**DENIED without prejudice in part** and **DENIED in part**.

Entered and dated this 5th day of June, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

5